## (February 15, 1974)

■ In the Matter of MONROE COUNTY LEGAL ASSISTANCE CORPORATION for Extension of Approval of an Office in Sullivan County.— Application of Monroe County Legal Assistance Corporation for extension of the period for which it is authorized to maintain a legal services office in the Village of Liberty, Sullivan County, granted, and period extended to July 31, 1974. This approval is subject to the terms and conditions set forth in the court's decision dated July 12, 1973. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ In the Matter of LAWRENCE H. LONG, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the bar on November 16, 1961 by the Appellate Division, Third Judicial Department. Pursuant to a petition of the New York State Bar Association, respondent is charged with six counts of professional misconduct arising out of his conduct in representing a woman of advanced age in her activities as a real estate investor. These charges include failure to comply with the direction of his client, conversion of client's funds, failure to protect the interest of his client, and failure to provide adequate records for his client. Hearings have been held before a Referee duly appointed by this court who has filed a report sustaining allegations of conversion and neglect of client's interest. Petitioner moves to confirm the report of the Referee. We grant the motion with the exception of so much thereof as sustains the charge of conversion of client's funds. We find the improper use there of unprofessional conduct which must be condemned, but upon this record we are unable to find the necessary intent to sustain a charge of conversion, although it would support a charge of commingling client's funds. Such conduct together with other methods of handling client's affairs, cannot be condoned. There is no proof of any monetary loss sustained by the client upon any transaction, and while this is a factor to be considered in mitigation, it cannot be accepted as a justification for respondent's unprofessional conduct and lack of understanding of his responsibilities as an attorney. Respondent is censured. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.